1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

UNITED STATES OF AMERICA,

Case No.:  10-CR-4041-GPC

12

                                    Plaintiff,

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

13

v.

14

OMAR CUEVA (2),

[ECF No. 98]

15

                                    Defendant.

16
17

## I. INTRODUCTION

18        On August 31, 2011, Omar Cueva ("Defendant") was sentenced to a custodial term
19  of 120 months for convictions on three counts of using a communication facility to
20  facilitate a drug offense.  (ECF No. 93.)  Defendant originally received a sentence below
21  the guideline range because the sentence was limited by the statutory maximum under §
22  5G1.2(d).  In 2014, the United States Sentencing Commission promulgated Amendment
23  782 ("Drugs Minus 2"), which, effective November 1, 2014, lowered the base offense
24  levels for most drug quantities in USSG § 2D1.1(c), and made this change retroactive via
25  Amendment 788.  *See also* USSG § 1B1.10(c).

26        On December 30, 2014, Defendant, proceeding pro se, filed a Motion for Reduction

27

28

1

of Sentence under 18 U.S.C. § 3582(c). (ECF No. 98.) On January 9, 2015, the Court provisionally appointed Federal Defenders of San Diego, Inc. ("FDSDI") to represent Defendant. (ECF No. 99.) The government filed an opposition on March 26, 2015. (ECF No. 104).

Finding that Defendant's current sentence is below the low-end of the amended guideline range, the Court **DENIES** Defendant's Motion for Reduction of Sentence.

## II. DISCUSSION

### A. Modification of Sentence Under 18 U.S.C. § 3582(c)

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to that rule lies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for most drug offenses by reducing the offense level in the § 2D1.1 Drug Quantity Table by two levels. In Amendment 788, the Sentencing Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

In *Dillon v. United States*, 560 U.S. 817, 826-27 (2010), the Supreme Court set forth a two-step inquiry for assessing a motion for reduction of sentence under § 3582(c). *Id.*

At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended

2

guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

\*      \*      \*      \*      \*      \*      \*      \*

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

## B. Determination of Amended Guideline Range

Under § 1B1.10, a defendant is eligible for a sentencing modification when an amendment listed in § 1B1.10(d) lowers "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 n.1(A). Section 1B1.10(b)(2) confines the extent of the reduction authorized. Once the Court determines the amended guideline range, it "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). The only exception to this prohibition applies if the defendant previously received a downward departure "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." In that case, the Court may apply "a reduction comparably less than the amended guideline range." *Id.* § 1B1.10(b)(2)(B).

As Amendment 782 is listed in § 1B1.10(d), the Court must determine the "amended guideline range" that would have been applicable to the defendant had Amendment 782 been in effect at the time of the sentence. USSG § 1B1.10(b)(1). Determination of the "amended guideline range" is the issue in this case. Defendant has calculated the "amended

guideline range" without taking into account the statutory maximum that overrode the guideline range.

The present case involved three counts of use of a communication facility to facilitate a drug offense under 21 U.S.C. § 843(b). Under the guidelines in effect at the time of sentencing, the base offense level was level 38. The Court reduced the guidelines by 3 levels for acceptance of responsibility (§ 3E1.1(b)). The Court found that the adjusted offense level was 35, the Criminal History Category was V, and the applicable guideline range was 262-327 months. However, the Court further found that this guideline range was limited by the statutory maximum under § 5G1.1(a) to 48 months for each count. The Court then sentenced the Defendant to 48 months as to Counts 1 and 2 to be served consecuetively, as well as 48 months as to Count 3, with 24 months to be served consecutively to Counts 1 and 2 and 24 months to be served concurrently to Counts 1 and 2, for a total of 120 months.

Applying the amended base offense level provided by Amendment 782, the base offense level is 38. Leaving all other guideline application decisions unaffected and removing departures and variances results in a reduction of 3 levels for acceptance of responsibility (§ 3E1.1(b)). The adjusted offense level is 35, the Criminal History Category is V and the applicable guideline range is 262-327 months. In the instant case, Defendant received a below-guideline sentence based on the statutory maximum for three counts of conviction, not substantial assistance to the government. To obtain relief under § 3582(c), the guideline amendments at issue must "lower[]" a defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range"). Here, they do not. Defendant's amended guideline range is 262 to 327 months and Defendant received a below-guideline sentence of 120 months.

1    Since the lower limits of the amended guideline range is higher than the original sentence,

2    Defendant is ineligible for modification of their sentence.

3      Accordingly, the Court **DENIES** Defendant's motion for a sentence reduction under

4    18 U.S.C. § 3582(c)(2).

5             **III. CONCLUSION AND ORDER**

6      Based on the reasons stated above, Defendant's Motion for Reduction of Sentence

7    (ECF No. 98) is **DENIED**.

8      **IT IS SO ORDERED.**

9     Dated:  November 2, 2015

10

11   Hon. Gonzalo P. Curiel
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   5

28